UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                              Case No. 15-cr-117-pp

FREDDIE L. FOSTER,

    Defendant.

---

**ORDER DENYING LETTER MOTION TO LIFT DETAINER (DKT. NO. 953)**

---

On February 28, 2019, the court issued a warrant to act as a detainer against the defendant; while on supervised release, he had committed various violations, including being arrested on February 22, 2019 in Waukesha County for possession of cocaine with intent to distribute. Dkt. No. 883. At the time the court issued the warrant, the defendant was in custody in the Waukesha County Jail. The warrant/detainer was necessary so that if the defendant were released from state custody, he would be returned to federal court to answer for the supervised release violations.

The court already had a hearing scheduled for May 9, 2019. Dkt. Nos. 881, 887. By the time that hearing rolled around, the defendant was in Dodge Correctional Institution, so the court issued a writ of *habeas corpus* to have him brought to federal court. Dkt. No. 892. The reason that the defendant was in Dodge at that point was because on March 28, 2019, the Dane County Circuit Court had revoked his extended supervision in State v. Foster, Case No.

2010CF001275 (Dane County). https://wcca.wicourts.gov, last visited February 3, 2020. At that hearing, the court revoked the defendant's supervised release, and ordered him to serve twenty-four months in the custody of the Bureau of Prisons, to run concurrently with a sentence imposed by the Dane County Circuit Court. Dkt. No. 900 at 2. The Dane County court had imposed a sentence of one year, five months and four days—less time than this court imposed. Id. That meant that it was likely that the defendant would be released from state custody before he'd served all the federal time this court imposed, so the detainer needed to stay in place to make sure that upon his release from state custody, he completed his federal revocation sentence.

On July 23, 2019, Waukesha County issued charges against the defendant for the events that led to his arrest in February 2019. State v. Foster, Case No. 2019CF001046 (Waukesha County). https://wcca.wicourts.gov, last visited February 3, 2020. On October 30, 2019, the defendant pled no contest to one count, and the court sentenced him to serve three years *consecutive* to any current sentence (one year six months of initial confinement and one year six months of extended supervision). Id. On November 21, 2019, the Waukesha County Circuit Court corrected the judgment to show that the sentence was *concurrent* with any current sentence. Id.

On January 27, 2020, the court received a letter from the plaintiff, asking the court to lift the federal detainer. Dkt. No. 953. The plaintiff says that all three of the sentences "put together"—the Dane County sentence, the

federal sentence and the Waukesha County sentence—"give [him] an out date of Feb, 2021 the ending date of [his] Federal release date." Id. The defendant will see the PRC on July 1, 2020, and he asks the court to lift the federal detainer so that he can "go to work release, while incarcerated, in order to make enough money to be able to start fresh upon release." Id.

The court cannot grant the defendant's request. The court is very pleased to hear that the defendant has completed some programming while in custody, and that he wants to change his behavior. Those are positive steps. But the court cannot release the federal detainer until the defendant has served his entire federal revocation sentence. The court imposed the federal sentence on May 9, 2019; that is when the twenty-four-month federal sentence began to run. If the defendant earned absolutely no good-time credit, his release date would be May 19, 2021. The court very much hopes that the defendant earns good-time credit, and that his federal release date will occur sooner; in fact, the probation office calculates right now that he'll complete his federal sentence on January 9, 2021. Dkt. No. 960.

But the court has no way of knowing when the defendant will finish serving the Dane County sentence or the Waukesha County sentence. If he completes those sentences before he has served the time this court imposed, the detainer is what guarantees that he will be turned over to federal authorities to complete the federal sentence. If the defendant were to be placed on work release, and then escaped, there would be no federal hold on him if the court were to lift the federal detainer.

3

If the defendant has any time left to serve on his state sentences after he completes his federal sentence, the court hopes that he can obtain Huber privileges for that remaining time. But the court cannot lift the federal detainer until the defendant has completed his federal sentence.

The court **DENIES** the defendant's letter motion to lift the federal detainer. Dkt. No. 953.

Dated in Milwaukee, Wisconsin this 3rd day of February, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**